UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN GUTIERREZ HERNANDEZ,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondent.

CASE NO. 2:26-cv-02723-JNW

ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS

Habeas Petitioner Juan Gutierrez Hernandez is currently held in Immigration and Customs Enforcement ("ICE") detention at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Proceeding pro se, he petitions the Court to order his release, arguing that his detention violates due process. The Court agrees and GRANTS the petition.

## 1. BACKGROUND

Gutierrez Hernandez is a citizen of Mexico. Dkt. No. ¶ 3. According to ICE Deportation Officer ("DO") Andre S. Ouk, ICE doesn't know when Gutierrez Hernandez entered the United States or how long he has lived here. *Id.* ¶ 4. Gutierrez Hernandez says he arrived in 1994 and that he has lived in Portland,

Oregon, since then. Dkt. No. 9 at 2. He explains that he has dedicated his life to his family and work, and that he has no criminal history. *Id.* at 2–3.

On September 8, 2025, ICE agents encountered Gutierrez Hernandez during a multi-agency Drug Task Force Operation and arrested him for immigration law violations. *Id.* ¶ 6. According to Gutierrez Hernandez, ICE officers invaded a property where he was renting a unit and violently arrested him. Dkt. No. 9 at 2–3. The I-213 states that officers suspected him of drug trafficking, that he refused to answer their questions, and that he had no stable address or community ties. Dkt. No. 13 at 7–8. Nothing in the record shows that he was ever charged with a drug-related offense as a result of the Task Force's investigation. The day he was arrested, ICE served Gutierrez Hernandez a notice to appear, charging him under 8 U.S.C. § 1182(a)(6)(A)(i) (present in the U.S. without admission or parole). It then transferred Gutierrez Hernandez to NWIPC.[1] *Id.*

On October 31, 2025, Gutierrez Hernandez appeared before an Immigration Judge ("IJ") with an attorney and requested additional time to file for relief from removal. *Id.* ¶ 11. He appeared again with counsel on November 17, 2025, and filed his application for relief with the Tacoma Immigration Court. *Id.* ¶ 12. The IJ scheduled a merits hearing for December 4, 2025. *Id.* On November 28, 2025, Gutierrez Hernandez requested a bond hearing. *Id.* ¶ 13. Before a bond hearing occurred, a merits hearing was held on December 4, which Gutierrez Hernandez attended with counsel. *Id.* ¶ 14. The IJ denied relief and ordered him removed to

[1] The facts of this case are almost identical to those of *Carmona-Perez v. Hernandez et al.*, C26-1368-BAT, Dkt. No. 17 (Order Granting Habeas Petition).

Mexico that same day. *Id*. Gutierrez Hernandez appealed his removal order, and on March 16, 2026, he filed his brief with the Board of Immigration Appeals ("BIA"). *Id*. ¶ 18. The Government did not file a response with the BIA. *Id*. As the Government has not informed the Court otherwise, the Court presumes the BIA appeal remains pending.

A bond hearing was held for Gutierrez Hernandez on December 8, 2025. He was represented by counsel, and the only evidence the Department of Homeland Security submitted was his Form I-213. Dkt. No. 13 at 4–9, 12. Citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the IJ denied bond, finding he had no jurisdiction to grant bond because Gutierrez Hernandez was subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. No.13 at 2–3. In the alternative, the IJ denied bond on a finding that Gutierrez Hernandez was both a danger to the community and a flight risk. *Id*. The IJ's order is a checkbox form with no factual findings or reasoning. *Id*. Gutierrez Hernandez did not appeal the IJ's denial of bond.

On February 13, 2026, represented by counsel, Gutierrez Hernandez petitioned for a writ of habeas corpus, arguing that he was not subject to mandatory detention under 8 U.S.C. § 1225(b). He argued that he was entitled to consideration for release on bond under 8 U.S.C. § 1226(a). He also argued that the IJ's alternative findings were invalid because they were "expressly contingent on a lack of jurisdiction and were not made pursuant to a bond hearing conducted under §1226(a)." *Gutierrez-Hernandez v. Scott*, No. 2:26-CV 00547-TMC, 2026 WL 1113389, at *2 (W.D. Wash. Apr. 24, 2026).

In its return, the Government reiterated that the IJ's bond denial made findings of dangerousness and flight risk to justify detention under 8 U.S.C. § 1226(a) in the alternative. The court denied the petition based on that alternative finding, noting Gutierrez Hernandez did not "submit any evidence that the [IJ's] findings themselves were an abuse of discretion or that the procedures at the hearing violated his due process rights." *Gutierrez-Hernandez*, 2026 WL 1113389, at *2.

On July 31, 2026, Gutierrez Hernandez filed this habeas petition pro se, challenging his prolonged detention as violative of due process. Dkt. No. 1.

Concerned about the lack of administrative record presented by the Government in this case, the Court ordered the Government to file the entire administrative record, under seal if appropriate. Dkt. No. 11. Based on the documents provided, there is no recording of the bond hearing, and the only record the IJ reviewed was Gutierrez Hernandez's Form I-213 and his motion for a custody re-determination. *See* Dkt. Nos. 12; 13 at 5. The letters of support that Gutierrez Hernandez submitted to this Court do not appear in that record. *See* Dkt. No. 5-1. According to these letters: (1) Gutierrez Hernandez came to the United States as a minor and has lived here for decades; (2) he is married to a United States citizen; (3) he has raised his step-children for eight years, and his absence is causing them extreme distress; (4) he has worked under the same supervisor for the last ten years, who vouches for his reliability and work ethic; and (5) he has extensive family ties to the United States. *See id.*

## 2. DISCUSSION

Gutierrez Hernandez argues that his continued detention violates due process. While the petition does not challenge the IJ's bond determination directly, the Court liberally construes it as presenting such a challenge for several reasons. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). First, his pro se petition asserts that IJs must be impartial, neutral, and "grant bond in the cases where it is . . . demonstrated that bond is applicable." Dkt. No. 1 at 4. Second, Gutierrez Hernandez submitted letters of support from family and friends addressing his character, evidence relevant to the IJ's bond determination. *See* Dkt. No. 5-1. The exhibit is titled: "FURTHER EVIDENCE THAT YOU MAY LIKE TO TAKE IN YOUR CONSIDERATION ABOUT MY BACKGROUND CHARACTER REFERENCES AND FAMILY." *Id.* at 1. On this record, it is appropriate to construe Gutierrez Hernandez's pro se habeas petition as challenging the IJ's bond denial decision. *See Santibanez Vasquez v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-04482 DJC SCR, 2026 WL 2676859, at *3 (E.D. Cal. Sept. 11, 2026) (construing petitioner's due process claim for prolonged detention as challenge to IJ's finding of danger and flight risk); *see also Acanda v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-04114 TLN SCR, 2026 WL 1745735, at *2 (E.D. Cal. June 17, 2026) ("Although the petition challenges Petitioner's "prolonged" detention, the undersigned liberally construes it as a due process challenge to his re-detention without notice or opportunity to be heard."); *Ramirez v. Warden/Facility Admin'r, Imperial Detention Facility*, No. 3:26-cv-5455-JES-DDL, 2026 WL 2985000, at *2 (S.D. Cal. Oct. 5,

2026) (citing *United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (explaining the duty to construe pro se pleadings liberally applies "with special force to filings from pro se inmates.")).

**2.1 Legal standard.**

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**2.2 Prudential exhaustion is not required.**

The Government argues that the Court should require Gutierrez Hernandez to exhaust his administrative remedies before seeking relief from this Court. Dkt. No. 6 at 7 (citing 8 C.F.R. § 1003.19(e). Exhaustion here is prudential, not

jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "Courts may require prudential exhaustion if 1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation modified). Even then, a court may waive prudential exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (citation modified).

Gutierrez Hernandez's challenge to the adequacy of the bond hearing he did receive is a constitutional claim suited to federal court review, for which "prudential exhaustion is not necessary." *Vasquez v. Scott*, No. 2:26-CV-02515-DGE, 2026 WL 2285535, at *2 (W.D. Wash. Aug. 7, 2026) (citation modified). And he has been detained for over a year; requiring him to wait out a BIA appeal would inflict the harm the process he seeks is meant to prevent. *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1101–02 (W.D. Wash. 2026). The Court will consider the merits.

**2.3 The IJ abused his discretion in denying bond.**

While district courts generally lack jurisdiction to review bond decisions issued by IJs, they do have "habeas jurisdiction over constitutional claims or questions of law" that arise in the context of bond denials. *Hernandez*, 872 F.3d at

987. When an IJ denies bond based on a finding of flight risk or dangerousness, the district court reviews the IJ's findings for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024). Under this standard, the Court may not reweigh the evidence, but it may consider whether the IJ applied the correct legal standard. *Id*. at 785. Additionally, the IJ's "failure to provide a reasoned explanation is an abuse of discretion." *Hernandez v. Scott*, No. 2:26-cv-02549-KKE, 2026 WL 2814250, at *2 (W.D. Wash. Sept. 20, 2026) (citing *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)); *see also Vasquez Lopez*, 830 F. Supp. 3d at 1103 ("The Court is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors. The Court must conclude that the [IJ] failed to do so, which constitutes an abuse of discretion.").

Here, the IJ's primary finding employs the wrong legal standard. He erroneously found that Gutierrez Hernandez is subject to mandatory detention under Section 1225(b). The Government acknowledges that Gutierrez Hernandez is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b), pursuant to Ninth Circuit precedent *Rodriguez Vazquez v. Bostock*,183 F.4th 1160 (9th Cir. July 30, 2026). Dkt. No. 6 at 6. By applying the wrong legal standard to the bond decision, the IJ abused his discretion.

The Court next turns to the IJ's alternative findings of dangerousness and flight risk to justify the Government's discretionary detention of Gutierrez Hernandez under Section 1226(a). To decide if a noncitizen is a danger to the community or flight risk, the IJ weighs nine, non-dispositive factors. *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026)

(citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Martinez*, 124 F.4th at 783)). These include any or all of the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the [noncitizen]'s record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783. The Ninth Circuit has reiterated that an IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id.* at 783–84. Additionally, for a bond hearing to comply with due process, the immigration court must make a contemporaneous record of the hearing. *Id.* at 786.

The only record of the hearing in this case is the IJ's checkbox order, which provides his alternative conclusion that "if the court had jurisdiction, the court would deny bond as [Gutierrez Hernandez] is a danger to the community and a flight risk." Dkt. No. 7-5 at 2. The checkbox order gives no factual findings or reasoning to support that conclusion. Courts ordinarily take an immigration court at its word, but not when red flags show that "something is amiss." *Martinez*, 124 F.4th at 785. Here, the finding was made by an IJ who had just disclaimed jurisdiction, it comes with no reasons, no record of the hearing exists, and the only evidence before the IJ was the I-213. On this record, Gutierrez Hernandez has shown that the IJ did not apply the correct legal standard. *Hernandez*, 2026 WL

2814250, at *2. Nor can a detainee make an informed decision about whether to appeal a denial of bond. *Id.* ("The failure to provide an explanation also hinders meaningful opportunities to seek administrative review."); *see also Ascencio-Zetino v. Scott*, No. 2:26-cv-02856-DGE, 2026 WL 2686835, at *4 (W.D. Wash. Sept. 14, 2026) ("It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for finding them a flight risk or a danger to the community."). The failure to provide any findings or reasoning to support bond denial is an abuse of discretion. *Hernandez*, 2026 WL 2814250, at *2 (collecting cases). Having found that the IJ abused his discretion in denying bond and ordering Gutierrez Hernandez's continued detention, the Court will grant the habeas petition.

This conclusion does not conflict with Judge Cartwright's order. She denied Gutierrez Hernandez's first petition because he had offered no evidence that the IJ's findings were an abuse of discretion or that the hearing procedures violated due process. *Gutierrez-Hernandez*, 2026 WL 1113389, at *2. That evidence—the bond record and the Government's sworn confirmation that no recording exists—is now before the Court. Dkt. Nos. 12, 13. And Gutierrez Hernandez has been detained for nearly six more months since her ruling; the Government now concedes that his detention is "admittedly prolonged." Dkt. No. 6 at 8.

As for the appropriate remedy, federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). For the reasons above, the Court finds no basis for Gutierrez Hernandez's continued detention. Thus, it will grant his release. This decision is

consistent with those of other courts in this district, presented with similar habeas petitions. *See, e.g., Soriano v. Hernandez*, 830 F.Supp.3d 1071, 1081– 82 (W.D. Wash. 2026) (ordering release after IJ abused discretion in finding petitioner was a flight risk); *Vasquez Lopez*, 830 F. Supp. 3d at 1103 (ordering release after IJ abused discretion in finding petitioner was a flight risk and danger to the community); *Hernandez*, 2026 WL 2814250, at *3 (same); *Ascencio-Zetino*, 2026 WL 2686835, at *5 (same); *Vasquez v. Scott*, No. 2:26-cv-02515-DGE, 2026 WL 2285535, at *5 (W.D. Wash. Aug. 7, 2026) ("If the IJs continue to issue bond denial orders without any explanation in writing or on the record, the IJs and Respondents can expect the Court will continue to grant habeas relief."); *see also Miri v. Bondi*, Case No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (California district court ordered habeas petitioner's immediate release after finding IJ abused discretion in denying bond).

## 3. CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 1. Additionally, for good cause shown, the Court GRANTS Petitioner's motion for extension of time to file his reply. Dkt. No. 10. The Government must release Petitioner from custody within TWENTY-FOUR (24) HOURS of this order and must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention. Respondents must file a status report within FORTY-EIGHT (48) HOURS of this order confirming their compliance.

Dated this 16th day of October 2026.

Jamal N. Whitehead
United States District Judge